[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11667
_____

D.C. Docket No. 9:11-cr-80018-KAM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS C. CORREA,
a.k.a. Thomas Carl Correa,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 28, 2013)

Before BARKETT and MARCUS, Circuit Judges, and CONWAY,* District Judge.

PER CURIAM:

_____

*Honorable Anne C. Conway, Chief Judge, United States District Court for the Middle District of Florida, sitting by designation.

Thomas Correa appeals his conviction following a jury trial of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and one count of making a false statement on a loan application, in violation of 18 U.S.C. § 1014. Correa raises three issues on appeal. He argues that: (1) the district court erred in denying his motion for a judgment of acquittal because there was insufficient evidence to support his conspiracy conviction; (2) the district court abused its discretion in admitting a videotape recording of an undercover meeting because the government failed to lay the proper foundation; and (3) the district court erred in denying his motion for a new trial based on jury misconduct. We find no reversible error on the record.

Although the majority of Correa's dealings in the bank fraud scheme were with a government informant and a FBI agent, the evidence was sufficient for a reasonable jury to find that Correa knew the informant would enlist the help of bank loan officers, such as William Hebert, to acquire the fraudulent loan. The informant repeatedly assured Correa that he had connections at the bank and explicitly told Correa that he had bribed Hebert to process the fraudulent loan application. Accordingly, there was sufficient evidence to support a conviction for conspiracy and we affirm the district court's denial of Correa's motion for a judgment of acquittal.

2

We also reject Correa's argument that the district court abused its discretion when it admitted into evidence a videotape recording of an undercover meeting because the government failed to properly authenticate the tape. It was not an abuse of discretion to conclude that the FBI agent's testimony regarding the informant's competency to operate the equipment, the identification of the individuals shown on the tape, the informant's inability to tamper with the recording, and that the recording appeared to be continuous was sufficient to establish the accuracy of the recording.

Finally, Correa argues that the district court erred when it denied his motion for a new trial. Correa first argues that he is entitled to a new trial because the jury was given an un-redacted version of videotape during deliberations that the court had redacted during trial because it included inadmissible hearsay. Correa was aware during trial that the district court ruled a portion of a videotape to be inadmissible and had an opportunity to examine the tape before it was sent to the jury. Thus, he cannot show that his failure to discover the un-redacted videotape before the jury returned its verdict was not due to a lack of due diligence and we affirm the district court's denial of his motion on this ground.

Correa also argues that he is entitled to a new trial because of newly-discovered evidence that the jury engaged in premature deliberations. The alleged newly discovered evidence consisted of an affidavit from a friend of Correa,

3

stating that she had been approached by an alternate juror several weeks after the trial who claimed that many of the jurors discussed the case before the start of deliberations and that one of the jurors attempted to convince the others of Correa's guilt during trial.  No affidavit was submitted from the alternate juror.  In light of the district court's broad discretion to determine whether evidence of jury misconduct warrants an evidentiary hearing and the stringent limitations imposed on a court's ability to question jurors about their deliberations post-verdict, see, e.g., United States v. Siegelman, 640 F.3d 1159, 1186-87 (11th Cir. 2011); United States v. Cuthel, 903 F.2d 1381, 1383 (11th Cir. 1990), under the circumstances here, we find no abuse of discretion.

**AFFIRMED.**